UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re COLONEL MAURICE MAYNARD MEYERS,

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-mc-1691 (CBA)

------------------------------------------------------------X

AMON, Chief United States District Judge:

Pro se litigant Maurice Maynard Meyers filed numerous documents with the Court between December 15, 2014 and January 21, 2015. One series of filings addressed Meyers' involuntary commitment in a mental health facility, as well as the administration of psychiatric drugs over his objection. Meyers v. Health & Hosps. Corp., 14-CV-7448 (CBA) (LB) (E.D.N.Y. filed Dec. 16, 2014). Two others raised claims against various state and local government entities and officials. Meyers v. Office of the Mayor, No. 14-CV-7449 (CBA) (LB) (E.D.N.Y. Jan. 30, 2015) (dismissed as frivolous); Meyers v. Metro. Transit Auth., No. 14-CV-7534 (CBA) (LB) (E.D.N.Y. Jan. 30, 2015) (dismissed for failure to request in forma pauperis or pay the filing fee). The remaining submissions were docketed under the above miscellaneous number, which is hereby closed.

As an initial matter, the Court notes that none of Meyers' numerous filings under this miscellaneous number were properly docketed. Meyers did not pay the filing fee for any of these submissions, nor did he submit a request to proceed in forma pauperis. Therefore, those submissions must be dismissed because the Court cannot accept new filings that are not accompanied by the proper filing fee or a request to proceed without the payment of fees.

More fundamentally, none of those filings have merit. Although the exact nature of Meyers' claims is difficult to discern due both to the rambling nature of his submissions and his at times illegible handwriting, the submissions filed under this docket number generally purport

to bring claims against numerous agencies and officials in the federal, state and local governments, as well as certain private entities. The bulk of those submissions request no monetary damages, but instead demand discovery related to a number of conspiracy theories. Specifically, Meyers seeks to investigate (1) the events surrounding the terrorist attacks on September 11, 2001 and the New York City mayoral primary originally scheduled for that same day (DE #6, 9, 11, 21); (2) misconduct in the banking system and allegations that the Y2K bug caused deposits to go missing (DE #3-5, 12, 15, 20); (3) a class action brought by current and former Department of Justice attorneys seeking overtime pay (DE #8, 12-13, 18, 20); and (4) corruption in New York state and local governments (DE #10, 22). In addition, Meyers seeks permission to enter an apartment building to retrieve gold bullion hidden there by the O.S.S. (DE #2), charges that the DEA has interfered with his Social Security benefits (DE #14, 16) and requests that the Court supply him with additional office supplies (DE #7.) Those filings either fail to assert a basis for the Court's jurisdiction, do not raise a valid cause of action, or both.

In the remaining submission, Meyers appears to raise a claim of employment discrimination. (DE #1.) He claims that he resigned from a position with the New York City Department of Housing Preservation and Development after the Commissioner was "instructed by every member of Congress to fire me from employment." (DE #1 at 3.) Apart from straining credulity, those allegations fail because they do not identify any protected class to which Meyers belongs nor do they claim that his termination resulted from membership in such a class.

In sum, the Court concludes that the allegations contained in those submissions are either patently incredible or entirely frivolous. See Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (An action is frivolous when "the factual contentions are clearly

2

baseless, such as when allegations are the product of delusion or fantasy.") (internal quotations and citations omitted). As a result, the Court exercises its power under 28 U.S.C. § 1915 to dismiss those submissions.[1] See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("Section 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .").

## CONCLUSION

As the submissions docketed under this miscellaneous number are both improperly filed and frivolous, the Clerk of Court is directed to terminate all filings and mark this docket number as closed. The closure of this docket number shall in no way prejudice Meyers' ability to pursue the claims raised in Meyers v. Health and Hospitals Corporations, 14-CV-7448 (CBA) (LB), or any other properly filed submission.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 8, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[1] To the extent any of the submissions filed under this docket number implicate his involuntary commitment or the application of psychiatric medicine over his objection, he may pursue those claims in Meyers v. Health and Hospitals Corporations, 14-CV-7448 (CBA) (LB) (E.D.N.Y.).

3